JUDGE PRYOR
delivered the opinion of the court.
The appellants, for the purpose of Indemnifying themselves as the sureties of the appellee W. M. Totten, took from the latter a mortgage on a tract of land in the county of Garrard, and after the proper acknowledgment had the same recorded. The wife of the appellee was not a party to that instrument, and the appellants having the debt to pay instituted proceedings to have the land sold. Twenty acres of the tract mortgaged was set apart as a homestead for the appellee, and the *103 balance sold, and tbe proceeds of sale applied to the payment of the debt, leaving several hundred dollars still due the sureties.
Totten and his wife continued to occupy the homestead for some time after the sale, and until December, 1875, when they made an absolute sale and conveyance in fee - simple of the homestead to the appellee Bogie, and invested the proceeds in other lands in the county, to which they immediately removed and occupied as a homestead.
The appellants, after the sale of the homestead and after the appellees Totten and wife had left it and removed to the land purchased, sought by this proceeding to make the homestead sold Bogie liable for the balance of their debt. They maintain that by the mortgage all the right of the husband to the entire tract passed to them, except the mere privilege of occupying a part of it as a homestead, and that when he left the premises the right to enforce their lien by reason of the mortgage immediately attached; that the title vested in them to the entire tract, with the right on the part of the appellees to enjoy a part of it so long as they continued in possession, and no longer.
The thirteenth section of article 13, chapter 38, General Statutes, provides that “No mortgage, release, or waiver of such exemption shall be valid unless the same be in writing, subscribed by the defendant and his wife, and acknowledged,” etc. In this case there was no mortgage or conveyance of the homestead so as to vest the appellants with title, and the only right they acquired was a lien on the land, subject to the homestead exemption. When the homestead was set apart to the appellees and the balance of the land sold, the lien of the appellants was exhausted. The -creditor can not subject the homestead to the payment of his debt by reason of any mortgage unless the exemption is waived as provided by statute. After the death of the husband it passes to the widow and *104 children, with the right on the part of the widow to its benefits so long as she occupies it, and the right of the children to a joint occupancy with her until the youngest unmarried child arrives at age. If necessary to pay the debts of the husband, the homestead may be sold, subject to this right of occupancy by the widow and children, but during the life of the husband it can not be sold by the creditor unless a lien is created upon it in the manner provided by law, or when it ceases to be a homestead by his abandoning the premises. Whether the homestead is regarded as an estate or a mere privilege of occupancy, it is certain that no creditor can acquire a lien upon it, unless the right is waived in the manner pointed out by the statute. What effect the removal of the owner of the homestead from the premises with the intention to abandon it could have upon the rights of a mortgagee whose mortgage covers the whole land as in this case, is not necessary to be determined. That his creditors could then subject it there can be no doubt, but whether a lien exists by reason of the mortgage presents a different question.
In this case, when the chancellor undertook to sell the land to satisfy the mortgage debt,' he had set apart to the owner the homestead, and when the sale was made and confirmed, this terminated appellant’s lien. He had no power to adjudge a sale, during the life of the husband, of the land subject to the homestead right, or its use and occupancy by the debtor and his family. It is not until the death of the husband that this power of sale can be exercised by the chancellor. Nor is the husband denied the right of selling the homestead. This right of sale by the debtor can be exercised, as this court has heretofore decided. It is only when creditors are seeking to subject it that the law interferes and says it can not be done unless a lien has been created in a particular manner. The debtor may sell the absolute right and title to his entire land, and if so, there is no reason why he may not sell a *105 less interest, and particularly when he is-selling what the creditor can not reach. If after the execution of the mortgage, to appellants he and his wife had executed a junior mortgage to Bogie instead of an unconditional conveyance, the latter would' have a lien on the homestead not only against the first mortgagees (appellants), but against the claims of all creditors; and if it can be mortgaged in this way, we see no reason why the" owner of the homestead should not be permitted to sell it.
At the death of the husband the wife and children are not the real owners; they can use and occupy it, but by the express language of the statute it may be sold by the creditor of the husband or real owner, subject to this use.
If the owner sells his homestead and converts it into money with no purpose of reinvesting the proceeds in property not exempt from execution, the protection the law affords him against the claims of creditors is gone. By the 12th section of the statute referred to, “ When the land sought to be sold is indivisible, or can not be divided without greatly diminishing its value,” the chancellor is required to sell the whole property when sought to be subjected by a creditor, and pay over to the owner of the homestead $1,000 of the proceeds to enable him to purchase another. The entire letter and spirit of the statute indicates clearly an intention to give to the debtor a home free from the claims of creditors. It is not the duty of the chancellor to see that this money is invested in a homestead; and if the debtor fails to do so, but invests it in other property, he only makes the claim of the creditor more secure, in making that liable which,, before investment, was not subject to the creditor’s claims. If the debtor had continued to reside on the original homestead he could have sold or mortgaged it, and even if the chancellor should undertake to make this investment for him, the right of sale, or creating an incumbrance^ upon it, as provided by statute, is not taken from the debtor. A creditor has no claim on the homestead while the *106 owner continues to occupy it, but when he dies the creditor may-then sell it subject to the occupancy by ¡those to whom it passes after his death; but the statute expressly provides that*the homestead shall be exempt from sale under execution, attachment, or judgment of any court, except to foreclose a mortgage given by the owner of a homestead, or for purchase-money due therefor, etc. A mortgage on a homestead has no validity unless executed as provided by the 13th section of article 13 of chapter 38, General Statutes. No -lien exists in this case.
Judgment affirmed.