*J. H. Webster, for appellant.*

---

R. L. White & Co. *v.* Joel Wilder, et al.

**Homestead—Sale and Reinvestment.**

The owner of a homestead may sell and reinvest in another homestead which will be protected from creditors the same as the first.

**Removal from Homestead.**

Where the intention to return to a homestead at some future time will protect it from creditors, the intention must be made definite and certain and it must be a continuing one; and when it once ceases there is an abandonment, and no resumption of the intention will reclaim the right to the homestead.

APPEAL FROM WHITLEY CIRCUIT COURT.

November 4, 1880.

OPINION BY JUDGE HINES:

The owner of a homestead may sell and reinvest in another homestead which will be protected from creditors as the first; but whether the facts in this case, if there was a homestead in the appellee at the time he sold his land, would authorize the court in holding that the

land purchased with the money for which the land was sold, it is not necessary to decide. *Lear v. Totten,* 14 Bush 101.

The land for which the debt in controversy was created in 1874, and the land claimed as exempt, was purchased in 1875, but appellee claims that the payments were made out of the moneys received by him from the sale of a homestead, and that as the land in controversy is "a successor of the homestead sold by him" it cannot be subjected. It appears that appellee was in 1869 a bona fide housekeeper with a family, owning and occupying a tract of land of the value of about $900. In that year he moved to the town of Williamsburg, for the purpose of educating his children and engaging in the sale of drugs, leaving upon his farm stock and farming implements, etc. It appears that some time after appellee moved to Williamsburg, whether before or after the creation of the debt does not appear, nor is it material, the houses on the farm from which he removed were burned.

Appellee, in reference to this removal, says: "I only intended to leave temporarily when I left the farm and moved to town to educate my children, and intended to return to the farm, until my houses were burned." In 1874 appellee removed to Pine Knot. In reference to this removal appellee says, in his deposition, "went to Pine Knot to make money. I had some idea if the place prospered and come to be a business place and my family were satisfied, to stay there, but I never settled there permanently." But while at Pine Knot appellee bought a lot and erected a house on it, and occupied it.

From these and many other statements in the deposition of appellee it is manifest that he did not, even at the time of removal from his farm, have any fixed or settled determination to return to it and make it a home for the future. But even if he then had such intention he abandoned it when he moved to Pine Knot, where he intended to remain if the place prospered, and when he purchased and built. Even where the intention to return to a homestead at some future time will protect it from creditors, the intention must be made definite and certain. It must be a continuing intention. When the intention once ceases, and that fact can be made manifest, there is, eo instanti, an abandonment of the homestead, and in such case there can be no resumption of the intention so as to operate as a reclamation of the homestead. It is as if there never had been any occupancy, and to reclaim it there must be a new, actual occupancy, from which date the homestead may reattach. The evidence of the appellee himself clearly shows that if there was such an intention to return

to the premises as would protect them, the subsequent intention not to return except upon the condition that Pine Knot was not prosperous, was an absolute abandonment of the original homestead. Upon this point there is no such question as weight of evidence. It is conclusive that there was an abandonment of the homestead, and that the court erred in dismissing the petition of appellants.

No objection was made by demurrer or otherwise to the pleadings, and while technically they are not good they are, in substance, sufficient. They are treated as having tendered substantial issues that were heard and determined by the court, and it is now too late to raise objections that do not reach to the merits of the controversy.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

C. W. Lester, J. C. Watkins, for appellants.
John Smith, R. D. Hill, for appellees.