## C. F. SCHMIDT v. J. G. OLIGES, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—297.]

**Waiver of Homestead by Mortgage.**

The waiver of the right of homestead as to one creditor in the manner provided by the statute is not a waiver as to any other creditor.

**Discretion of Chancellor as to Homestead.**

Where the debtor's real estate is sold on a mortgage foreclosure, and there is more money than required to pay the mortgage, the debtor, if entitled to the homestead at all and if he claims it, is entitled to the excess of proceeds, and the chancellor has no right to inquire of him whether his purpose is to invest it in another home or not, but thereafter if he deals with it in a way to show an intention not to invest it, the creditor may seize it.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

October 4, 1884.

OPINION BY JUDGE PRYOR:

The debtor, Oliges, having mortgaged his real estate embracing his homestead and the property being indivisible it was sold for the debt, and the proceeds of the sale having been applied to its payment, a considerable sum was left for the debtor not exceeding however $1,000. This surplus fund was attached by the appellant upon the ground that as the right to a homestead had been waived as to one creditor and the property sold that no homestead could exist or a right to the surplus vest in the debtor to enable him to purchase a homestead, and further that if allowed to the debtor for that purpose it should only be for investment and that for life leaving the remainder subject to the debt of the attaching creditor.

The waiver of the right to a homestead as to one creditor in the manner provided by the statute did not amount to a waiver as to any other creditor and when the property embracing the homestead is sold by reason of its being indivisible the statute expressly provides that $1,000 shall be paid to the defendant to enable him to purchase another homestead.

It is not a matter of discretion with the chancellor making the sale as to whether the debtor shall receive the money, if he

claims it on the ground that he is entitled to it, to enable him to purchase a homestead, the chancellor has no right to inquire of him whether or not his purpose is to invest it in that way, but if he claims it for that purpose, it is sufficient. He may invest it in any other property or he may squander it as soon as he receives it, and of this fact the chancellor may be satisfied at the time, still the statute is imperative and the money must be paid over to him. When he invests the money in property subject to execution, or deals with it after he receives it in such a way as' shows an intention not to invest it, the creditor may seize it. He had the right to sell the homestead and pocket the money although involved in debt, nor could the chancellor sell the homestead against his consent unless the property embracing it was worth more than $1,000 and indivisible and when converting it into money on that ground the $1,000 is as sacred as the soil the sale of which produced it. It. is not an estate by life nor can it be encumbered by liens or the claims of creditors unless those liens have been created by the debtor in the mode pointed out by the statute. It is only where the owner of the homestead dies and it passes to his wife and children that the creditor of the debtor may subject it subject to its occupancy by the family. The termination of the widow's occupancy and the youngest child having arrived at age, occupying it jointly with her, ends the homestead right that passes from the owner to his family. The owner of the homestead may dispose of it whether in land or when converted into money by the chancellor but when he does dispose of it and invest it in other property it is no longer free from the claims of creditors if that property is subject to execution or attachment. The assignment to Thurman & Company before it was paid over to the debtor passed to them the right as against the attaching creditor, and the averment by the appellant that the debtor did not intend to invest the money in a homestead and sold it for no such purpose did not require a response. The debtor claimed that he was entitled to it for that purpose and this was sufficient. The foundation of the debtor's claim is not that he intends to buy him a homestead with the money, but that he is entitled to it to enable him to purchase a homestead. The money is substituted for the land and he can dispose of it even against the protest of the creditor, but when he uses it in such a manner or converts the land or the money with that which may be seized under an execution his claim as against the creditor is gone.

In the case of *Brame & Wife v. Craig,* 12 Bush, (Ky.) 404, the owner of the land embracing the homestead had sold it, and afterwards the husband and wife claimed the homestead as against the purchaser. This court held that the statute creating a homestead right did not take from the owner the power of alienation but was executed solely to protect the debtor against the claims of creditors.

In some of the states it has been held that the power of alienation is gone by reason of their statutes on this subject and in others that the money arising from the sale of the homestead where it is indivisible may under certain circumstances be seized by the creditor even before it reaches the debtor. Such has not been the construction of our statute.

In *Lear v. Totten,* 14 Bush (Ky.) 101, it is said, where the owner sells his homestead and converts it into money with no purpose of reinvesting the proceeds in property not exempt from execution the protection the law affords him against creditors is gone. This of course means where he uses it for other purposes as is clearly indicated in the opinion.

In that case it is said that it is not the duty of the chancellor to see that the money is invested in a homestead. The intention of the statute is to give the debtor a home free from the claims of creditors, and in a case like this the debtor will not be permitted to use the money thus obtained in business or speculation and at the same time hold that it is secured against the claims of creditors, because it was the proceeds of property once exempt from execution, still the money must be paid over to him and being entitlted to receive it, an assignment or transfer in good faith for value will pass the right to the assignee as against a creditor whose attachment may be prior in date.

The judgment is *affirmed.* (See next case for petition for rehearing.)

*Richards & Baskin, for appellant.*

*P. A. Gaertner, for appellee.*

[Cited, *Louisville Fertilizer Co. v. Lorton,* (Ky.) 110 S. W. 870.]