CASE 85—ACTION BY DENNIS HIGGINS, &C. AGAINST HONORA HIG-
GINS INVOLVING THE RIGHT TO A HOMESTEAD.—FEB. 26.

# Higgins &c. v. Higgins.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION, NO. 1.

FROM THE JUDGMENT DENNIS HIGGINS AND OTHERS APPEAL.   RE-
VERSED.

HOMESTEAD—INTENTION TO OCCUPY—RIGHTS OF WIDOW—CONFINE-
MENT IN ASYLUM.

Held:   1. A husband's unexecuted intention to occupy certain land
as his homestead was insufficient to create the right of home-
stead therein.

2. Under Kentucky Statutes, 1903, section 1702, providing the con-
ditions on which the right of homestead in real property ex-
ists, and section 1707, declaring that the homestead shall be
for the use of the widow so long as she occupies it, and that
the unmarried infant children of the husband are entitled to
joint occupancy with her, a widow had no homestead right
in property of which her husband died seised which he had
never occupied as a homestead.

3. In a proceeding to determine a widow's interest in real prop-
erty of which her husband died seised, the fact that she was
insane and confined in an asylum after her husband's death
had no bearing on the question as to whether she took a home-
stead or dower interest in the property.

MATT. O'DOHERTY, FOR APPELLANT.

1. Our contention is, that unless Bartholomew Higgins, the
owner of the land in controversy, occupied it as a homestead in
his life time and at the time of his death, his widow, Honora
Higgins, could have no homestead right therein.

2. The burden is on the party claiming the homestead to
show her right to it.   Fant v. Talbot, 81 Ky., 25; Hansford
v. Holdam, 14 Bush, 210.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

Bartholomew Higgins died, leaving as his widow Honora

Higgins and two children, Mary and Dennis. Mary is dead, and Dennis is over 21 years of age. The question for determination on this appeal is whether the widow has a homestead or dower in a house and lot in the city of Louisville of which Bartholomew Higgins died seised.

The evidence tends to show that at one time after the death of her husband the widow occupied the house with the children but for how long is not disclosed. The evidence fails to show when the husband died, or where he then lived, or that he ever occupied the house with his family or at all as a homestead, if he never occupied it with his family as a homestead, he never acquired a right to a homestead therein. An unexecuted intention to occupy it did not create the right. Fant v. Talbot, etc., 81 Ky., 25, 4 R., 656; Hansford v. Holdam, 14 Bush, 210. As the evidence fails to show that the husband had the right to the homestead in the property when he died, it is not shown that the widow did have such right. Section 1702, Ky. St., 1903, states the conditions upon which one has a homestead in real property. Section 1707 provides that the homestead shall be for the use of the widow so long as she occupies it, and the unmarried infant children of the husband are entitled to a joint occupancy with her. The language used shows the widow's right to a homestead is predicated upon the pre-existing right of the husband to it. The court erred in holding that the widow had a right to homestead in the property instead of the right to dower therein. The fact that the widow is now insane and confined in an asylum does not having any bearing upon the question as to whether she took a homestead or dower interest in the property.

The judgment is reversed for proceedings consistent with this opinion.