CASE 48—ACTION BY D. S. PRICE AGAINST FRANK MONROE AND OTHERS TO RECOVER LAND.—MAY 31.

## Monroe, &c. v. Price.

APPEAL FROM CLARK CIRCUIT COURT—J. M. BENTON, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. REVERSED.

HOMESTEAD—MORTGAGE—WIFE NOT JOINING—FORECLOSURE SALE.

B., owning 115 acres, gave a mortgage thereon, in which his wife did not join. In an action to foreclose, he, by his answer, claimed to be entitled to the land to the value of $1,000 as a homestead, and this was conceded, and the court adjudged him entitled to a homestead therein, and sixty-four acres thereof was allotted and set apart to him. After adjudging him entitled to the homestead, the court ordered the 115 acres sold "subject to the homestead right of B," and this was done. HELD, that the purchaser got no interest in the land set aside to B. as a homestead, the mortgage having been void as to the homestead, and no claim having been made in the foreclosure action that B. was only entitled to occupy the land during life as a homestead.

PENDLETON & BUSH, ATTORNEYS FOR APPELLANT.

   (No brief for appellant.)

J. SMITH HAYS, ATTORNEY FOR APPELLEE.

   The action of appellee was an ejectment.  In order to recover, he must (1) show title, and (2) he must be entitled to possession.

   1. We submit that appellee, having purchased the title to the land under the mortgage executed by the owner, Eli Bruce, and said Bruce having died intestate leaving no widow or infant child, the appellee thereby became the legal owner of the land and thereby entitled to its possession and to its rents and profits.

   2. The right of a homestead having terminated under the allegations of the pleadings, the right of possession immediately arises, and appellee having exhibited his title by reason of his judgment, sale and conveyance, the judgment of the lower court follows in his favor.

   3. No objection having been made to the reading of a deed on the trial, no objection can be made for the first time in this court.

   4. The answer of Eli Bruce in the Winn case did not entitle him to a homestead.  The record nowhere shows that he had a wife when said mortgage was executed.

### CITATIONS.

   Freeman on Judgments, sec. 45; Derr v. Wilson, 84 Ky., 14; Wing v. Hayden, 10 Bush, 276; McGrath v. Berry, 13 Bush, 391; Lear v. Totten, 14 Bush, 103; Tong v. Eifort, &c., 80 Ky., 152.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

   Eli Bruce owned 115 acres of land in Clark county.  In September, 1873, to secure the payment of a debt to James Winn, he executed a mortgage on the land.  Thereafter he executed a mortgage to Butler Robinson on the same land to secure a debt.  Bruce's wife did not join in either mortgage.  The appellee, Price, was the owner of the Robinson debt.  In 1876 an action was instituted to enforce the mortgage liens.  Bruce filed an answer, claiming that he was entitled to land of the value of $1,000 as a homestead.  Winn and Price conceded that he was entitled to it.  In that action the court adjudged that Bruce was entitled to a

homestead in the land, and appointed commissioners to allot and set it apart to him. They made the allotment, and particularly described it by metes and bounds. The court confirmed their report. After adjudging that Bruce was entitled to the homestead, the court ordered the 115-acre tract sold, "subject to the homestead right of the defendant Bruce," to pay the mortgage debt. The commissioner sold it subject to Bruce's homestead right, and the appellee, Price, became the purchaser, and it was conveyed to him subject to Bruce's homestead right. Bruce died in 1902, and did not leave a widow or infant children. The appellee, Price, instituted this action in ejectment to recover the 64 acres which had been allotted to Bruce as a homestead, claiming that he had title to it by virtue of the judgment and sale to which we have referred.

If a debtor executes a mortgage on his homestead, in which his wife does not join, no lien is created on it. The creditor acquires no right in it by virtue of the mortgage. Lear. etc., v. Totten, etc., 14 Bush, 101; Tong, etc., v. Eifort, etc., 80 Ky., 152, 3 R., 647. The homestead law does not give the debtor a new estate in the land. It permits him to hold it in fee; that title being protected from coercive sale by his creditors. The owner can sell and convey the land which the law gives him as a homestead. The homestead is not a substantive right that may be granted separate from the fee. No such right exists. These observations are not applicable to the homestead right which the widow and children take, because that is derivative, and the statute authorizes the land to be sold subject to their right of occupancy. Their homestead right does not partake of the nature of a fee-simple estate. The pleadings show that Bruce's wife did not join in the mortgages. Bruce made averments in his answer which show that he was entitled

to a homestead, and the mortgagees conceded his right to it.
There was no issue on the question of his right to hold land
of the value of $1,000 as a homestead. The court in ex-
press terms adjudged that he was entitled to do so. When the
court adjudged him the homestead, he was not vested with
a new estate in it, but it was an adjudication that
he was entitled to enjoy that which he possessed. The judg-
ment that he was entitled to the homestead right was an
adjudication that the mortgage creditors had no lien upon
it, or a right to have it sold.      When the court ordered that
the 115 acres should be sold subject to the debtor's home-
stead rights, it did not thereby intend to take from him
that which the law allowed him to retain, and which the
court had adjudged him. When the court ordered that the
land should be sold, subject to the homestead right, it did
not thereby intend to diminish any right which the debtor
had in the property.   It was a recognition of whatever
right the law allowed him to retain in the land allotted to him
as a homestead.   It would be a perversion of the meaning of
terms to say that when the court ordered the 115 acres
of land sold subject to the debtor's homestead right it intended
to qualify or limit that right. While the expression was not
necessary to preserve the right of the debtor to his home-
stead, that fact can not justify the court in ascribing a
meaning to it which it does not import.   There was no
claim in the pleadings that the debtor was only entitled to
occupy the land during life as a homestead, as against the
right of the mortgagees. Hence, if the language employed in
the judgment created a doubt as to what the court intended
by the expression, we should hold that, as no claim was made
in the pleadings that the debtor's homestead right should
be qualified by only allowing him the right of occupancy,
the court did not intend to so limit it.   However, we have no

doubt upon the question. When the court adjudged that he was entitled to a homestead exemption, it adjudged that he was entitled to retain all the rights which by law he was vested in the land allotted to him as a homestead. When the court ordered a sale of the land subject to that right, it was a recognition of it, and, in effect, a declaration that the purchaser of the land could not acquire any interest therein except one subordinate to that of the debtor. As he owned the fee to that part which was allotted to him as a homestead, there was no estate or interest in it which could be sold or vested in a purchaser. Therefore appellee acquired no title or interest in the land by his purchase. The court has held that, where a debtor executed a mortgage in which his wife did not join, after the enforcement of the mortgage and a sale of the property the debtor could recover his homestead, the question of his right thereto never having been adjudged.

In Wing, etc., v. Hayden, etc., 10 Bush, 276, the court said: "As to all persons entitled to the benefit of the act its effect is to take away from all courts the power to sell the homestead under a judgment for the sale of land in which the owner has a right to a homestead exemption; and a sale under it can not divest the homestead unless the right to exemption has been waived in the mode pointed out by the statute. The sale simply invests the purchaser with the title subject to the exemption; and, as this is all he buys, the fact that the debtor may subsequently cease to be a housekeeper, or to be entitled to the exemption will not inure to the benefit of the prior purchaser. He must be presumed to have purchased subject to the exemption; and, whether he did or not, he can not enlarge his purchase by subsequent events. He gets what he purchased; but if he be allowed to hold the whole land because the

facts which at the time of his purchase exempted the homestead have ceased to exist, then he will get that he never purchased, that never was sold, and that was not at the time subject to sale."

The judgment is reversed for proceedings consistent with this opinion.