## Runyon v. Runyon's Adm'x et al.

(Decided June 16, 1936.)

WILLIS STATON for appellant.

J. J. MOORE, HENRY J. SCOTT and W. SCOTT WHITT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

This action was originally brought by Charles Runyon against J. P. Runyon's administratrix and infant children to enforce a trust in certain real estate belonging to J. P. Runyon at the time of his death.

The trial court held that Charles Runyon was not entitled to enforce the alleged trust, but had shown himself entitled, if his pleadings had justified it, to a money judgment. Charles then filed an amended petition pleading that he had loaned his brother, J. P. Runyon, $1,100, and that his brother was indebted to him in that sum at the time of his death, and he prayed judgment against his brother's administratrix and his two infant children for that sum. The court adjudged that Charles recover of the administratrix and the two infants the sum of $1,100, and awarded him a lien on certain property in South Williamson to secure its payment. On appeal the judgment was reversed on the ground that the representatives and heirs of J. P. Runyon were liable only to the extent of assets received, and there was no showing as to the amount. It was further held that Charles Runyon was not entitled to a one-half interest in the property by virtue of the written obligation filed in the action for the reason that J. P. Runyon was to convey Charles a one-half interest in the property only in the event that he could not pay him $1,100, and there was no showing in the record what was the financial condition of J. P. Runyon at the time of his death or at any other time. Accordingly the court held that in the present state of the record the trial court did not err in refusing to award Charles the relief sought in his original petition. On the cross-appeal the judgment was affirmed without prejudice to the right of the chancellor to enter such judgment on the retrial of the cause as Charles might show himself entitled to under the pleadings and proof. On the original appeal the judgment was reversed for proceedings consistent with the opinion. Runyon's Adm'x v. Runyon, 237 Ky. 541, 35 S. W. (2d) 894.

On the return of the case the administratrix and two children of J. P. Runyon filed an amended joint and separate answer and counterclaim pleading a homestead. The case was then referred to the master commissioner, who, after hearing the evidence, fixed the value of the house and lot belonging to J. P. Runyon at the time of his death at $1,500, and reported that the property should be sold and $1,000 of the proceeds paid to the widow and the balance credited on the account of Charles Runyon. Plaintiff's exceptions to

the report were overruled, and the property was ordered sold in accordance with the finding of the master commissioner. Plaintiff has appealed.

Under our statute the right of the widow and infant children to a homestead is derivative, and they are not entitled to a homestead unless the husband and father was. Higgins v. Higgins, 117 Ky. 725, 78 S. W. 1124, 25 Ky. Law Rep. 1824; Warren's Adm'r v. Warren, 126 Ky. 692, 104 S. W. 754, 1199, 31 Ky. Law Rep. 1101, 32 Ky. Law Rep. 82. Moreover, the exemption does not apply if the debt or liability existed prior to the purchase of the land, or of the erection of the improvements thereon. Section 1702, Kentucky Statutes. Hemphill v. Haas, Lyons & Co., 88 Ky. 492, 11 S. W. 510, 11 Ky. Law Rep. 62. The amended joint and separate answer and counterclaim of the defendants alleged that the debt sued on did not exist prior to the purchase and acquisition of the title to the land, but failed to allege that it did not exist prior to the erection of the improvements. Formerly it was unnecessary in asserting a homestead right to negative the exceptions contained in the statute. Nichols v. Sennitt, 78 Ky. 630; Snapp v. Snapp, 87 Ky. 554, 9 S. W. 705, 10 Ky. Law Rep. 598; Robertson v. Robertson, 20 S. W. 543, 14 Ky. Law Rep. 505; Morehead v. Morehead, 25 S. W. 750, 16 Ky. Law Rep. 34. At that time, however, the exceptions were contained in a section separate and distinct from the section conferring the homestead right, and the conclusion of the court was based on the general rule that, when the exceptions to the general provision of a statute are found in a distinct clause, it is not necessary to allege that the complainant does not come within the exceptions. Since that time, however, the homestead statutes have been changed, and the exceptions to the right of homestead are now found in the same clause that confers the right. Section 1702, Kentucky Statutes. For this reason it is now the law that he who asserts the right of homestead must negative the exceptions, that is, he must allege not only that the debt or liability did not exist prior to the purchase of the land, but also that it did not exist prior to the erection of the improvements thereon. Marshall v. Tully, 193 Ky. 246, 235 S. W. 726. In the circumstances the pleading was defective, and the defect not having been supplied by

answer or other pleading, or cured by evidence heard without objection, the pleading was not sufficient to support a finding of homestead. Moreover, even if the homestead right had been properly pleaded and proved, it was error to order $1,000 of the proceeds paid to the widow absolutely. The court should have ordered that $1,000 of the proceeds be set aside for the use of the widow and children for such time as they would be entitled to the use of the homestead. In short, the $1,000 must be so invested and protected by the court that the creditors of the husband may secure the same after the right of the widow and children in the income derived therefrom has been extinguished. Warren's Adm'r v. Warren, supra.

On the return of the case appellees will be permitted to amend their pleading and set out more fully the facts showing their right to a homestead.

Judgment reversed and cause remanded for proceedings not inconsistent with this opinion.