## Runyon's Administratrix et al. v. Runyon.

(Decided Oct. 19, 1937.)

J. J. MOORE, HENRY J. SCOTT and W. SCOTT WHITT for appellants.

WILLIS STATON for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

This is the third appeal of this case. The opinions on the former appeals are reported in 237 Ky. 541, 35 S. W. (2d) 894, and 264 Ky. 823, 95 S. W. (2d) 802. We shall confine our statement to a very brief summary of the issues and facts and refer to the former opinions for a more comprehensive statement.

J. P. Runyon died intestate in 1925 while title holder to a house and lot in South Williamson, Ky. He was survived by a widow and two infant children. Charlie Runyon, a brother of decedent, lived in one of the rooms in the house occupied by decedent and his family until the death of the latter and continued on until after the widow of decedent had married one Harmon. Proceedings were instituted to dispossess him, and he countered with this litigation, seeking to enforce an alleged trust agreement with the deceased brother. In his original petition he alleged that he had furnished $1,100 with which to buy the property and to erect improvements thereon, and he filed in evidence a writing evidencing an agreement between himself and his brother which in substance provided that, in the event the $1,100 was not repaid, he was to have an undivided one-half interest in the property. He prayed that one-half of the property be conveyed to him in satisfaction and discharge of the alleged trust, and by amended petition sought to enforce the collection of the sum alleged to have been advanced to deceased.

The answer consisted of a traverse and affirmative

assertion of ownership upon part of the defendants. On final hearing it was adjudged that plaintiff recover of defendants the sum of $1,100 and that he be adjudged a. lien to secure the payment thereof.

On appeal the judgment was reversed, it being held that Charlie Runyon had not shown himself entitled to a conveyance of a one-half interest in the property, and in fact that he was not entitled to a personal judgment against the widow and children of decedent, since in no event would they be personally liable except to the extent of assets received from the estate. The cause was remanded for retrial and for such judgment as appellee might show himself entitled to under pleadings and proof. On a return of the case no further proof was heard on the issues theretofore made, but defendants filed an amended answer and counterclaim pleading and claiming a homestead in the property. The commissioner to whom the case was referred heard the evidence and reported his findings, fixing the value of the property at $1,500 and that same should be sold and $1,000 of the proceeds paid to the widow and the balance credited on the account of plaintiff, and, the latter's exceptions to the report having been overruled, he appealed.

The judgment was reversed in an opinion rendered June 16, 1936, on the ground that appellees' pleading did not show that they were entitled to a homestead, since it did not negative exceptions contained in the homestead statute, but it was directed that upon return of the case appellees should be permitted to amend their pleadings and set out more fully facts showing their right to homestead.

On January 4, 1937, the defendants tendered and offered to file an amended answer and counterclaim and alleged that at the time of his death decedent did not own personal property of a value in excess of $750 and owned no real estate except the property referred to in the pleading; that, if plaintiff furnished the money, material, and supplies that went into the house located on the property, decedent was not at any time prior to his death financially able to reimburse plaintiff for the sums so expended or the materials furnished in building the house; that it was agreed and provided in the writing sued on that, in the event J. P. Runyon could not pay the $1,100 referred to therein, he would convey to plain-

tiff an undivided one-half interest in the property; that defendants had no money or property with which to pay such sum and were unable to pay same, but were willing that an undivided one-half interest be conveyed to plaintiff in satisfaction of his alleged claim, and they prayed that this be done.

On May 1, 1937, the cause was submitted upon motion to file the amended answer and counterclaim, to which plaintiff objected and moved the court to enter judgment pursuant to the opinion of the Court of Appeals. The motion to file the amended answer and counterclaim was overruled, and it was adjudged that plaintiff recover of the widow as administratrix of decedent in her representative capacity as well as his widow and against his children as his heirs and real representative and from his estate the sum of $1,100, with a lien on the real estate to secure the payment of same, and that the lien be enforced and for a sale of the property, etc., and defendants are again appealing.

It is first argued by counsel for appellants that it was error to take any steps in the lower court until mandate following the reversal had been filed there. It is asserted in brief for appellee that the mandate was filed in open court with an order that it be spread at length upon the records, but that the clerk had failed to record the mandate and it had disappeared from the record; however, there is nothing in the record concerning the filing of the mandate or any action taken with reference to it.

In McHargue v. Reams, 71 S. W. 526, 24 Ky. Law Rep. 1385, it appears that a judgment had been reversed and cause remanded to the lower court, with directions to dismiss the petition. The mandate which issued was filed in the lower court and order made dismissing the petition in accordance with the mandate, and on a second appeal it was asked that the order be set aside on the ground that 10 days' notice before the first day of the succeeding term before the filing of the mandate had not been complied with as required by the Code. It was pointed out in the opinion that under section 516 of the Civil Code of Practice "a misprision of the clerk shall not be a ground for an appeal until the same shall have been presented and acted upon in the circuit court," and that section 517 of the Code provides "that it shall be deemed a clerical misprision * * * to render judgment

before the action stood for trial pursuant to the provisions of this Code." See, also, other cases cited under those sections as well as section 763 of the Civil Code of Practice. Not only so, but appellants themselves took steps in the case after the rendition of the opinion on the second appeal and before the mandate had been filed, if in fact it had not been filed at the time the judgment was entered. It is therefore apparent that this ground for reversal cannot be sustained.

It is further asserted that this court held in its former opinions that appellee was entitled to a conveyance of an undivided one-half interest in the property if the estate of J. P. Runyon was not able to pay appellee's debt; and therefore the court erred in refusing to permit the amended answer and counterclaim to be filed and in not entering judgment in accordance therewith. We have read the opinions on former appeals and do not consider them as holding under the record that appellee was entitled to a conveyance of an undivided one-half interest in the property if the estate of J. P. Runyon was not able to pay appellee's debt.

In the first appeal the judgment was reversed, with directions to permit proof to be heard concerning the value of the estate of deceased, but, instead of taking any steps toward that end, appellants filed their amended petition asserting homestead and, when the judgment granting that relief was reversed on account of the insufficiency of their pleading, they were given permission to amend their pleading and set out, if they could, facts showing their right to homestead. We assume from the record and from their abandonment of that claim that they could not negative the exceptions to the homestead statute referred to in the opinion on the second appeal. The chancellor in his opinion stated in substance that by the tendered pleading appellants sought to go behind the former opinions and reopen the case and to concede the relief first asked by appellee which they had resisted, that they had had their day in court and made their election of remedies, and that the judgments of the court in so far as they had not been reversed in the former opinions were final and binding upon the circuit court and constituted a full adjudication on points raised by the amended answer tendered and offered to be filed. It is the policy of the law that litigation be terminated as speedily as consistent with orderly and proper administration of justice. As said by the chan-

cellor, appellants have had their day in court and even more; and the court did not err in refusing to permit them to go back and open up matters already adjudicated or matters that they might have had adjudicated in the beginning; nor in entering the judgment appealed from.

Judgment affirmed.