### In re GIBSON.

### No. 2352.

District Court, E. D. Kentucky.

July 16, 1940.

W. T. Davis, of Pineville, Ky., special referee in bankruptcy.

H. L. Bryant, of Pineville, Ky., for Twila S. Gibson, administratrix.

E. B. Wilson and James H. Jeffries, both of Pineville, Ky., for Lee S. Creech, trustee.

FORD, District Judge.

By petition for review, the Trustee challenges the correctness of an order entered by the Referee on June 4, 1940, adjudging Twila S. Gibson, the widow and administratrix of the estate of the deceased bankrupt, H. J. Gibson, entitled to the sum of $1,000 out of the proceeds derived by the Trustee from the sale of certain real estate in which the bankrupt was entitled to a homestead exemption, under section 1702 of the Kentucky Statutes.

On February 27, 1930, H. J. Gibson was adjudged a bankrupt upon an involuntary petition filed in this Court. Among the assets which passed to the Trustee was an undivided one-fourth interest in a tract of land upon which the bankrupt and his family resided. The property was owned jointly by the bankrupt, his brother and two sisters. Prolonged litigation over various matters greatly obstructed and delayed the administration of the estate. Finally, pursuant to an order of Court entered on July 1, 1935, the Trustee sold the undivided interest of the bankrupt in this real estate, and on November 30, 1935, the property was conveyed to the purchaser, Pineville Investment Company.

The bankrupt died on May 15, 1936, survived by his infant son and his widow, Twila S. Gibson, who is now the administratrix of his estate.

No specific claim was asserted by the bankrupt to a homestead exemption in the real estate in kind or in its proceeds, although in his schedule B(5) he asserted a general claim of exemption to "such property and value as is allowed by law." After the death of the bankrupt, his widow Twila S. Gibson, who was not a party to the bankruptcy proceedings, claimed her dower in the land which had been previously sold by the Trustee and in con-

sideration of the relinquishment of her dower interest in a part of the land, the other joint owners, on November 29, 1937, conveyed to her for her lifetime, with remainder to her son, that part of the land upon which was located the residence occupied by her and the bankrupt during his lifetime. After thus acquiring, by virtue of her dower right, the property upon which she and her husband resided, in her capacity as administratrix of his estate she filed a motion before the Referee on April 4, 1938, asserting the additional right to $1,000 out of the proceeds derived from the Trustee's sale of the property, basing her claim upon section 1705 of the Kentucky Statutes, which authorizes sale of a debtor's indivisible homestead property where it is of greater value than $1,000 for the payment of his debts subject to the provision that one thousand dollars ($1,000) of the money arising from the sale shall be paid to the debtor "to enable him to purchase another homestead."

Upon the hearing of the motion it was stipulated by the parties "that the Bankrupt, Henry J. Gibson, was a citizen and resident of Bell County, Kentucky, during all of his life; that he was married and he and his family lived in a brick residence on a part of the real estate that was administered in this proceeding. The residence alone, in which said Henry J. Gibson and his family lived, was worth more than One Thousand ($1,000) Dollars, and could not be divided, and that said property was unencumbered."

■ Under the facts stipulated, perhaps the right of the bankrupt to have received $1,000 of the money arising from the sale of his homestead "to enable him to purchase another homestead", if timely asserted, would not have been disputed. Doubtless, he could have successfully asserted this right at any time before there was a final order disposing of the proceeds, First National Bank of Scottsville v. Duncan, 210 Ky. 777, 276 S.W. 848, but his death intervened.

■ The statutory homestead exemption in this state is not an estate in land but is merely a right of occupancy. In Demarest v. Allen, 189 Ky. 32, 224 S.W. 458, the Court said: "It must be remembered that our homestead statutes do not create an estate in land, but merely accord to the owner, who is a housekeeper with his family, the privilege of occupying it as against his creditors; and it is this ex-

emption and nothing else that continues after the death of the debtor for the benefit of his widow and children * * *." To the same effect, see Charboneau v. Hart, 211 Ky. 204, 277 S.W. 242, and Brandenburg v. Petroleum Exploration, 218 Ky. 557, 291 S.W. 757.

■ The purpose of section 1705 of the Kentucky Statutes, providing for the payment of $1,000 to the debtor out of the proceeds derived from the sale of his homestead, is not to enhance or enrich the personal estate of the debtor, but by express provision is "to enable him to purchase another homestead." As said in Gowdy, Administrator, v. Johnson, 104 Ky. 648, 654, 47 S.W. 624, 626, 44 L.R.A. 400: "The object of the statute, as of all statutes of like character, is not so much to exempt a certain sum of money from subjection to debt, or land of a certain value, but it is intended to protect the homestead itself,—the dwelling house and appurtenances,—to the end that the citizens of the commonwealth may be home owners."

■ This purpose is evidenced by the established rule that if the debtor fails within a reasonable time to make the investment in the newly acquired homestead, "the protection the law affords him against the claims of creditors is gone." Lear v. Totten, 14 Bush 101; Marcum v. Edwards, 181 Ky. 683, 205 S.W. 798.

■ Careful examination of the authorities relied upon by the administratrix fails to disclose any support for her contention that, upon the death of the homesteader, his exemption right in proceeds derived from the sale of his homestead survives in favor of the administratrix of his estate.

It seems clear from the authorities that the only statutory exemption which survives the death of a homesteader is that which is preserved for the benefit of his widow and children; and where that exemption right is applicable to proceeds derived from a sale of the homestead authorized by section 1705 of the statutes, the right of the widow and children is limited to the enjoyment of the income from the exempt fund which must be invested under the orders of the Court or otherwise so protected "that the creditors of the husband may secure the same after the right of the widow and children in the income derived therefrom has been extinguished." Warren's Adm'r v. War-

ren, 126 Ky. 692, 104 S.W. 754, 755, 1199; Runyon v. Runyon's Adm'r, 264 Ky. 823, 95 S.W.2d 802.

It has been repeatedly held by the Kentucky Court of Appeals that a widow cannot claim both dower and homestead. She may elect which she will take. If she elects to take dower in lieu of homestead, the homestead right of the infant children follows and attaches to the dower. Hanna's Assignee v. Gay, 117 Ky. 695, 78 S.W. 915.

The widow of the bankrupt, in this case, had the right, upon his death, to elect whether to claim the exempt proceeds derived from the sale of his homestead under section 1705 of the statutes or her right to dower in the land. She made her election and received her dower in the property, thereby precluding her right to claim the exemption in the proceeds.

Since no part of the proceeds was paid to the bankrupt and no adjudication of his right to it was made during his lifetime, his administratrix acquired no right to or interest in it.

For the reasons indicated, the relief sought by the Trustee's petition for review should be granted. An order will be entered setting aside the order of the Referee and remanding the case to the Referee for further proceedings consistent herewith.