CASE 81—ACTION BY J. S. HANNA'S ASSIGNEES AGAINST J. T. GAY AND OTHERS FOR SPECIFIC PERFORMANCE OF CONTRACT.—FEB. 23.

## Hanna's Assignee v. Gay, &c.

APPEAL FROM SHELBY CIRCUIT COURT.

FROM THE JUDGMENT PLAINTIFFS APPEAL.   REVERSED.

HOMESTEAD—SALE—NECESSITY OF JOINING WIFE—DOWER—RELINQUISHMENT—ELECTION TO TAKE—EFFECT ON HOMESTEAD.

Held: 1. A married woman's potential dower interest in her husband's land can be relinquished only in the statutory modes; that is, by the execution of a deed with her husband, or by separate deed if he has already conveyed, and by privy acknowledgment before a proper officer. The execution of an assignment for creditors by the husband, in which the wife does not join, has no effect on her interest.

2. On the death of her husband a widow's inchoate dower becomes consummate, and she can then sell it by deed or contract.

3. Where a widow voluntarily filed her answer in a suit for the specific performance of a contract made by her husband's assignees for the sale of his property, and offered therein to conclude an agreement which she had made during marriage to release dower and homestead in the property, and executed a

deed, and received the consideration stipulated in the contract, she divested herself of her dower in the land.

4. Under Kentucky Statutes, 1903, section 1707, which declares homestead to be for the benefit of the widow and infant children of a decedent, where the widow elects to take dower in lieu of homestead, the infant children's right to a homestead attaches to the land set apart as the widow's dower.

5. Although, by Kentucky Statutes, 1903, section 1706, a debtor can not mortgage his homestead without joining his wife, he may nevertheless sell it, whether she joins in the deed or contract or not, in which case, if he dies first, however, her dower right will to that extent prevail over the deed.

6. Where a husband contracts and binds himself to convey all the title he has in land, he necessarily divests himself, and all others entitled thereto by relation, of a homestead in the land.

WILLIS & TODD, AND J. C. BECKHAM, FOR APPELLANTS.

R. L. PULLIAM, AND PICKETT & BARRICKMAN, FOR APPELLEES, E. V. HANNA AND INFANT DEFENDANTS, W. W. JESSE, GUARDIAN AD LITEM.

(No briefs in the record.)

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

In May, 1902, John S. Hanna, being indebted beyond his ability to pay, executed a general deed of assignment to appellants for the benefit of all his creditors. Among the properties embraced in the conveyance was a farm of 261 acres in Shelby county. The deed contained this reservation: "Except there is expressly reserved from this deed of assignment, and there does not pass hereby, any of the property that by the law of this commonwealth is exempt from execution, attachment or distress, and the same is expressly reserved by first party for the benefit of himself and family." The debtor's wife did not join in the deed. It is admitted that neither her potential right to dower nor the debtor's right to a homestead of $1,000 in value passed by this deed. In the following July the assignees contracted with appellee J. T. Gay to sell him this farm at the price of $18,000. The debtor and his wife joined in the contract. The contract

contained this agreement, as affecting directly the interests of the debtor and his wife: "In consideration of $3,000 cash to be paid to Mrs. E. V. Hanna, wife of John S. Hanna, they, John S. Hanna and E. V Hanna, his wife, hereby agree and bind themselves to sign the deed heinbefore set out, and to release and relinquish all claims to dower and homestead in the property hereinbefore described. But it is expressly agreed if the deed herein provided for shall not be made or for any reason this contract shall not be consummated, then the aforesaid three thousand dollars shall not be taken or considered in any way the value of said dower or homestead in future transactions, this agreement as to same being applicable to this agreement only." Before the contract of sale could be confirmed by the county court, to whom it was submitted by the assignees, and before the deed could be executed, the debtor, John S. Hanna, died. This suit was brought by the assignees against the purchaser, J. T. Gay, for a specific execution of the contract. The widow and children of John S. Hanna were made parties to the suit. J. T. Gay answered that he was willing to accept the title to the land if it could be conveyed by the judgment of the court, and was willing to pay for it as agreed. The widow answered that she was willing to join in the deed if she was paid the $3,000 mentioned in the contract, but not otherwise. A guardian *ad litem* for the infant children answered, claiming a homestead of $1,000 value out of the proceeds of the sale. The circuit court adjudged the specific execution of the contract, required the adult heirs to sign the deed with the assignees, required the widow to do the same, and had the commissioner of the court convey for the infants. But the court adjudged, and there was paid over to the widow the $3,000

mentioned, and $1,000 additional of the proceeds of sale to Gay were set aside as a homestead for the widow and children during the life of the former and the minority of the latter. The assignees have appealed from as much of the judgment as set apart the homestead money for the widow and children.

By the contract the wife of the debtor was not bound at all. A married woman's potential dower interest in her husband's land can be relinquished only in the modes pointed out by the statute—by the execution of a deed with her husband, or by separate deed if he has already conveyed, and by privy acknowledgment before a proper officer of her execution of the deed. After the death of her husband Mrs. Hanna's inchoate dower became dower consummate. As to it, she could then sell it by deed or contract. Voluntarily filing an answer in the suit, offering thereby to conclude the agreement made by her during marriage, and executing the deed and receiving the consideration stipulated in the contract, she divested herself of dower in the land. It has been repeatedly held that the widow of a decedent can not claim both dower and homestead in his lands; but she may elect which she will take. The homestead in the decedent's land is declared by statute (section 1707, Ky. St., 1903) to be for the benefit of the widow and infant children of the decedent, Therefore, if she elects to take dower in lieu of homestead, the infant children's right to a homestead, to be jointly occupied with their mother during their minority, would attach to the land set apart as the widow's dower. But a more serious question arises in this case. Was there a right of homestead available to either the widow or infant children? The statutes prohibit the subjection of the debtor's homestead to the payment of his debts only when it is attempted to be taken under an execution, attachment,

Hanna's Assignees v. Gay, &c.

distress, or judgment. But it does not prevent the debtor's selling his homestead. The debtor can not mortgage his homestead without his wife joins in the mortgage. Section 1706, Ky. St., 1903; Thorn v. Darlington, 6 Bush, 448; Wing v. Hayden, 10 Bush, 276; Lear v. Totten, 14 Bush, 101. But he may sell it whether or not she joins in the deed or contract. Brame v. Craig, 12 Bush, 404; Whitesides v. Cushenberry, 8 Ky. Law Rep., 590; Gullett v. Arnett (19 R., 1892) 44 S. W., 957. Of course, if he should die first, her right to dower would then prevail over the deed to that extent. In this case it will be observed that the debtor had sold by executory contract all of the remaining title in fee owned by him in the land. There can not be a homestead without title to the land, and, as the husband had contracted to convey and had bound himself to convey all the title he had in the land, it necessarily divested him, and all others who might have been entitled by relation to it, of a homestead in the land. The cases of Schnabel v. Schnabel's Ex'x (108 Ky., 536, 22 R., 234), 56 S. W., 983, and Kiesewetter v. Kress (24 R., 1239), 70 S. W., 1065, relate alone to where the owner of the homestead died having title to it, and treat of the power of the widow to elect, or to waive or relinquish a homestead, so as to defeat the claims of the infants, which would attach but for such waiver or election.

The judgment is reversed, and cause remanded, with directions to the lower court to set aside so much of the judgment as sets apart the $1,000 to the widow and infant children as a homestead in this case, and for further proceedings not inconsistent herewith.