## Newman, et al. v. Ohio Valley Fire and Marine Insurance Company.

(Decided November 1, 1927.)

Appeal from Ballard Circuit Court.

1. Insane Persons.—Where, at time of rendition of judgment, defendant was non compos, defense should have been made for him by committee, pursuant to Civil Code of Practice, sec. 36, subsec. 3, and to render judgment against him before such defense was clerical misprision, under section 517.

2. Judgment.—Clerical misprision can only be shown by record, and, where record showed nothing intimating that defendant was non compos when judgment was rendered, exception to judgment on such ground cannot avail.

3.  Judgment.—Where direct attack on judgment was not made at term of court at which judgment was rendered, neither ground of incompetency of defendant nor that of fraud in obtaining judgment could be raised by motion, but relief must be sought, under Civil Code of Practice, sec. 518, by action to vacate judgment.

EDGAR T. WASHBURN for appellants.

W. C. MARSHALL and J. D. MOCQUOT for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

On the 11th of March, 1924, Fred A. Vaughn, as receiver of the Ohio Valley Fire & Marine Insurance Company, filed suit in the Ballard circuit court against A. L. Newman to recover $37,863.40 on a note executed by the defendant to that corporation on the 1st of March, 1922, and to enforce a lien on seven tracts of land aggregating 1,155½ acres upon which the defendant had executed a mortgage to secure the note, both papers having been executed simultaneously. Certain banks to whom this note and certain portions of the equity therein had been assigned were made parties defendant. On the 2d day of May, 1924, the defendant Newman, by his attorney Henry F. Turner, answered, pleading no consideration for the note or mortgage. Some time during the proceedings a receiver was appointed to take charge of the mortgaged premises. In the meantime the defendant Newman had changed his counsel, and on the 5th day of January, 1925, through his attorneys Bradshaw & McDonald, entered a motion to set aside the order appointing a receiver, and on the same date and through the same counsel filed an amended answer, alleging that the note sued on was procured by fraud on the part of the Ohio Valley Fire & Marine Insurance Company but qualifying this as to the banks. His answers were traversed, and on the 1st day of May, 1925, judgment was rendered in accordance with the prayer of the petition, and a survey ordered, dividing the land into small tracts and withholding enforcement of the order of sale until after the report of the surveyor. At the August term, 1925, this report was filed and a supplemental judgment entered, directing a sale in accordance with the report. The land was sold in September, 1925, and purchased by Fred Vaughn, receiver for the insurance com-

pany. In the meantime A. L. Newman died and the action was properly revived against his heirs, who at the August term, 1926, filed exceptions to the commissioners' report of sale, alleging that at the time the note and mortgage were executed A. L. Newman was a non compos and mentally incapable of understanding the nature of the instruments he was called upon to sign, and also incapable of advising with his attorneys in reference to his defense; that the notes and mortgages were executed without consideration and procured by the fraud of plaintiff, who also had knowledge of A. L. Newman's mental condition during all of the period mentioned. The court overruled the exceptions and the exceptors have appealed. It also appears that, prior to the filing of the exceptions to the report of sale, the exceptors had filed suit under section 518 of the Civil Code to vacate the judgment and order of sale, and that suit is still pending, but is not connected in any way with this action.

If at the time of the rendition of the judgment A. L. Newman was a non compos, defense should have been made for him by a committee pursuant to the provisions of section 36, subsec. 3, of the Civil Code, and to render judgment against him before such defense was a clerical misprision under the provisions of section 517 of the Code. However, it is well settled that a clerical misprision can only be shown by the record. Bennett v. Tiernay, 78 Ky. 580; Boyd County v. Ross, 95 Ky. 167, 25 S. W. 8, 15 Ky. Law Rep. 520, 44 Am. St. Rep. 210; Conn v. Doyle, 2 Bibb 248. So that, even if this exception to the report of sale should be construed as a motion to set aside the judgment for a clerical misprision, yet, as there was nothing in the record intimating that A. L. Newman was a non compos, such exception cannot avail. Further, as this was a direct attack upon the judgment and was not made at the term of court at which the judgment was rendered, neither the ground of incompetency nor that of fraud in the obtention of the judgment could be raised by motion, but for either of these grounds relief should be sought under section 518 of the Civil Code, a course that it is indicated appellants have also taken.

Wherefore, perceiving no error, the judgment is affirmed.