## Buttermore et al. v. Hensley et al.
(Decided March 12, 1937.)

C. B. SPICER for appellants.

B. M. LEE for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

William Henry Hensley died intestate, a resident of Harlan county, Ky., leaving surviving him his widow, Rebecca Hensley, and eight children: Carl Hensley, Roy Hensley, and Howard Hensley, who are all adults, Vir-

gie Hensley, an infant under twenty-one years of age and more than fourteen years of age, and Elva Jean Hensley, Elzo Hensley, Georgia Etta Hensley, and Rodney Hensley, all infants under the age of fourteen years.

The widow, Rebecca Hensley, was appointed and qualified as his administratrix, and had so acted for more than six months, when the appellants, C. B. Spicer and Dr. H. K. Buttermore, filed their joint suit on October 19, 1934, in the Harlan circuit court against her personally, and as administratrix of the estate, and the aforesaid heirs at law to settle the deceased's estate and to further therein collect certain named indebtedness which they alleged was owing each of them by it.

Further the petition alleged that the deceased had left no personal estate, save what had been set aside to the widow as exempt to her, but that he had died the owner and in the possession of a certain 47-acre tract of land and also of a half interest in another or second tract (the acreage of which was not stated), situated in Harlan county, which were together of the market value of from $1,500 to $2,000, and in both of which the widow was entitled to an allotment of dower.

Further plaintiff Spicer, who acted as attorney in bringing the action, stated that the estate was indebted to him in the sum of $100, as his contract fee had with deceased for defending his title to one of these tracts and foreclosing a mortgage thereon, and by reason of which service he asserted he was entitled to a lien thereon, as provided by section 107, Ky. Statutes.

Further the coplaintiff, Dr. Buttermore, alleged that the estate was indebted to him in the sum of $300 for medical services rendered and money loaned the deceased.

Wherefore, they prayed judgment for a settlement of the estate, for C. B. Spicer and Dr. H. K. Buttermore $100 and $300 respectively, with interest, and for a sale of the property described in the petition to satisfy their debt, interest, and costs.

This petition was verified and upon it summons was issued upon the defendants, all of whom were duly served.

At the 1935 February term of court, M. F. Hall, a regular practicing attorney, was appointed guardian ad litem for the infant defendants, who at the March term filed his report as such, in which he made no defense on behalf of the infants, but only asked that the court render such judgment as the pleadings and proof might warrant.

The cause was thereupon submitted, when, no defense being made, Spicer was adjudged to have the lien claimed for his attorney's fee upon the land of the deceased and, further, that the plaintiffs recover against the defendants the amount of their debts as sued for, with interest, and that the whole or both tracts of said property, or so much thereof as necessary to satisfy the claims of the plaintiffs, together with interests and costs, be sold by the master commissioner.

Pursuant to such direction of the judgment, the commissioner advertised for sale, and sold, the whole of the said property, of which he made report at the following May term, showing that the entire two tracts had been bid in by plaintiffs for the amount of their judgment debts.

The report of sale having laid over the required time without exceptions filed thereto, it was confirmed and a deed ordered made by the commissioner to the plaintiff purchasers for these two tracts.

Thereafter, the administratrix finding herself and her children divested and deprived by the court's judgment of all her and her children's right and interest in the estate's two tracts of land, alleged in the petition to be worth some $1,500 to $2,000, she then employed the present counsel to take such steps as he could in the case to set aside this complained of default judgment and the alleged improper orders of the court confirming the sale and ordering deed executed.

Thereupon, at the following August or second term of the court after rendition of judgment, and within the first three days thereof, motion was filed by the defendants (here appellees) to set aside the judgment and order of confirmation of sale and to cancel the deed made pursuant to it.

This motion, made upon notice given, set out therein that the grounds on which they sought to obtain such

relief were: (1) That while the suit was brought by plaintiffs to settle the decedent's estate under sections 428 to 438, Civil Code of Practice, no order of reference was asked for or had therein, as thereby required; (2) that the judgment had adjudged the whole or the entire two boundaries of the estate land sold if necessary to satisfy plaintiffs' debts, even though it was expressly set out in the petition that the decedent owned only a one-half interest in one of them, and that the judgment was therefore a misprision; (3) that the complained of judgment was taken by default, without defense made on behalf of the infant defendants; and (4) that no proof of claim, as required by the Statutes, was made by the plaintiffs of their claims against the estate, for which a personal judgment was rendered against all the defendants.

To this motion appellants entered their appearance, resisting the setting aside of the judgment as was asked or sought by the motion, and filed responsive opposing briefs, contesting upon the merits defendants' right to the relief sought by the motion.

Upon submission of the motion for judgment, the court, after hearing argument of counsel and duly considering their briefs, adjudged that the judgment and the complained of orders, confirming the sale and directing a deed made, be all set aside, upon the several grounds urged and argued in the motion, which are: (1) That proof of the claims sued on was not made, as by the law required; (2) that no defense on behalf of the infant defendants was made to the action, their guardian ad litem being satisfied with simply filing a formal report and permitting a default judgment to go against them; (3) that the judgment was in error in directing a sale of the entire two tracts of land, if necessary to satisfy plaintiffs' debts, in that their petition, seeking a settlement of the estate, had expressly alleged that the estate owned only a half interest in one of the tracts but that, notwithstanding this, the master commissioner had sold and conveyed the whole of the two tracts to the plaintiffs; and (4) that while the petition had alleged that the land sought to be sold was worth from $1,500 to $2,000, it had been sold away from these infants to satisfy the plaintiffs' debts, amounting to but a small fraction of the value of the lands or some $400. For these reasons and guided by

such considerations, the lower court sustained the motion, stating that "equity and justice" imperatively demanded that it be sustained.

The appellants, dissatisfied with such ruling of the court upon the motion, have appealed.

The learned chancellor's ruling here made and complained of, it is to be noted, leaves this cause (in which this improper procedure has been pursued to settle the deceased Hensley's estate) still on the docket, to be tried out on its merits, when the infants' rights and interest in the lands of their deceased father's estate may be properly presented and protected.

Section 518, Civil Code of Practice, provides the manner and procedure appropriate for the modification or vacation of a judgment, after term, by the court rendering it, as follows:

> "The court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it * * * [subsection 8] for errors in a judgment, shown by an infant within twelve months after arriving at full age, as is prescribed in section 391."

The scope of this section is sufficiently broad that under its provisions, in every action or proceeding, by whatever name it may be called, a party who by fraud, casualty, or misfortune is prevented from having a hearing may obtain relief. Commonwealth v. Weissinger, 143 Ky. 368, 136 S. W. 875.

Further, by section 520 of the Civil Code of Practice, it is provided that:

> "The proceedings to vacate or modify the judgment on the grounds mentioned in subsections 4, 5, 6, 7 and 8, of section 518, shall be by petition verified by affidavit, setting forth the judgment, the grounds to vacate or modify it, and the defense to the action if the party applying was defendant. On the petition the proceedings shall be the same as those in the action in which the judgment was rendered."

While under these provisions of the Code the procedure prescribed for seeking relief from the improper judgment complained of is by petition, we are here in-

clined to treat the written motion filed to obtain such relief as being, if not in form, in its nature and effect a petition, in that there was therein set out, with equal insistence and clarity as if set out in a petition, the grounds relied on as entitling movants to a vacation or modification of the erroneous judgment and the defense of the infants to it.

The motion was made upon notice given, pursuant to which the appellants herein entered their appearance and resisted the court's sustaining of the motion or granting of the relief sought by counter-briefs and argument, answering appellees' criticism of the judgment, and attempting to uphold it.

Under such circumstances, it would appear that we are justified in here treating the pleading, though termed a motion, as a petition or as coming within the procedure set out and authorized by the aforesaid sections of the Code for obtaining the vacation of an erroneous judgment, in that the parties have respectively set out in the motion and answered the grounds urged for a vacation of the judgment, which were by the trial court only heard and determined upon their merits and therefore the same end was reached as if the procedure followed had been in form as directed by section 520 of the Civil Code of Practice.

The appellants are not in a position to complain of this, in that it is clear that they have been deprived of nothing to which they were entitled, as it must be conceded by them that the default judgment was improperly obtained against the infant defendants, without proof of the validity of their claims against the estate, in violation of section 126 of the Civil Code of Practice; also that the attacked judgment and following orders of the court wholly deprived the infant defendants of their rights and interests in their father's lands, without defense made in their behalf; that these lands, which plaintiffs alleged were worth from $1,500 to $2,000, were here acquired by them for only the amount of their debts, or some $400, or for but a small fractional part of what they alleged was the value of the lands; also, that the master commissioner erroneously sold and deeded to them for some $400 the whole or the entire boundary of the two tracts of the estate, even though they, by their petition, expressly stated that the

estate owned but a half of one of the two tracts of land, the administratrix or widow owning the other half.

We would not be understood from what we have herein said, in regard to treating the motion (whereby the infant defendants sought to avert the loss imposed by this wrongful judgment) as a petition, as in effect dispensing with the proper and orderly procedure and way prescribed by the Code, but we are not, in a situation such as here presented, inclined to insist upon strict conformity with the prescribed or technical rules of procedure, in that a trial upon the merits of the cause is substantially realized and afforded by the method here adopted, which has as its object the defense of the rights and interest of the infants, of which we find they have been deprived through the entering of a personal judgment by default against them. "Equity and justice" here demand, as said by the learned chancellor, that the loss by the infants of their rights in the estate of their father should not be permitted to stand without a fairer hearing upon the merits, in which their proper defense may be presented and considered.

In Soper et al. v. Foster et al., 244 Ky. 658, 51 S. W. (2d) 927, 929, where the facts appeared to be very similar to those here presented, and where different, presented less insistent reasons than here found for reopening the case, we said:

"The disposition of an infant's real property is hedged about with legal barriers. Because of a conclusive presumption of incapacity, he is denied the right of disposing of it according to his own wishes. To protect him against the possibility of spoliation or waste, only the chancellor of a court of proper jurisdiction may dispose of an infant's land through the agencies of a court. That power is not inherent. It is derived from the statutes, and its exercise is defined and limited by specific directions, which must be strictly observed. In a word, the court can dispose of an infant's land only in strict accordance with the terms of the statutory laws. They are its sole and only power and single source of jurisdiction. These are fundamental and inexorable principles, expounded, and maintained from the beginning of our jurisprudence. * * * The

only one here involved is for the payment of the debt of an ancestor with which the infant may be legally chargeable, 'in an action brought against him pursuant to section 428.' * * * Section 428 is supplemented by several succeeding sections, the whole establishing the method and procedure for settling the estate of a deceased person. Under them a suit may be maintained by a creditor of the decedent. His personal representative, other creditors, and those having liens or an interest in his property must be parties to the suit. * * *

"Moreover, a default judgment may not be rendered against an infant. The law traverses all material allegations against him. Section 126, Civ. Code Prac."

In the instant case, while the suit was brought as one to settle the estate of the deceased under the applicable provisions of the Code, stated supra, the procedure thereby prescribed was not adhered to nor followed. The petition neither stated the amount of the debts and nature and value of the property, real and personal, of the deceased, nor asked for a reference to the commissioner to ascertain such facts. Neither was proof made, so far as it appears by the record, of the claims alleged owing plaintiffs by the estate, as required by the Statutes. In the absence of the required proof, these allegations of the petition, even though not traversed, could not be taken as true as against the infant defendants, section 126, Civil Code of Practice, requiring that every material allegation of a pleading must, for the purposes of the action, be taken as true unless specifically traversed, excepting the allegations against a defendant under disability, which must be proved though not traversed.

It thus appearing from the record that there was here no defense interposed on behalf of the infant defendants; that the procedure followed by the appellants in their suit to settle the estate did not conform with the provisions of the Code required therefor; and, further, that the allegations of their petition were not proven as against the infant defendants, though not traversed, but personal judgments taken thereon by default against the infants and for the other reasons herein above set out, we have reached the conclusion that the judgment of the trial court in setting aside its

earlier judgment rendered in violation of these principles, together with the improper orders following it, was highly proper, thereby leaving the parties to take such further steps as may be necessary, within the prescribed procedure, to adjudicate the whole matter according to the merits of the cause.

Judgment is affirmed.