## Pugh v. Pugh.

June 13, 1939.

Charles H. Wilson, Judge.

S. D. Hodge, R. W. Lisanby and J. Gordon Lisanby for appellant.
Charles G. Franklin for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This suit involves a deed executed by W. W. Pugh, deceased, to his son, Willie Pugh, the appellee herein. The deed was executed on June 24, 1936, for the consideration of $1 and other valuable consideration. It conveyed to the appellee five tracts of land owned by the decedent, and also two mules and a cow. The deed was recorded in the office of the county clerk of Caldwell county on the same day it was executed. W. W. Pugh died January 7, 1937. There survived him his wife, Dora Pugh, the appellant herein, and the appellee, a son by a former marriage. The appellant continued to reside upon the land in question after the death of her husband.

In May, 1937, the appellee brought suit against the appellant. He alleged that he and Dora Pugh were the joint owners of the land in question; that he owned the property by virtue of the aforesaid deed; that the appellant was entitled to her dower in the property since she did not join in the execution of the deed; and that the property could not be divided without materially impairing its value and therefore should be sold by order of the court. The appellant, after filing a motion requesting that the appellee file the deed under which he claimed title to the property, filed an answer and counterclaim in which she denied that she and the appellee were the joint owners in fee, or were in joint possession of the property. In substance she set forth that the property belonged to the decedent, W. W. Pugh, at the time of his death; that she and decedent were living upon it as husband and wife and using the same as a homestead; that the property was worth less than a thousand dollars; that she was living and residing upon it as her homestead; and that she was entitled to a homestead in the property for life. She set forth also that the deed in question was void because W. W. Pugh was of unsound mind, except for occasional lucid intervals, at the time the deed was purportedly executed by him, and that his signature was obtained to the deed by fraud and duress on the part of the appellee; that there was no consideration for the deed; and that the alleged fraud was practiced by the appellee for the purpose of defrauding her of her rights in the estate of W. W. Pugh.

The appellee demurred to the answer and counterclaim, but this demurrer appears not to have been passed upon. There was sustained, however, appellee's motion to strike the part of the appellant's answer and counterclaim in which she set forth the physical condition of W. W. Pugh during his illness; the nature of the service and care which she rendered him; and also that the decedent during his lucid intervals had stated to the appellant and others that it was his purpose to see that she should have the use and benefit of his entire estate during her lifetime. By agreement of the parties the affirmative allegations contained in the answer and counterclaim were taken as controverted of record.

The appellant's motion to transfer out of chancery and be granted a jury trial on the issues involving the sanity of W. W. Pugh at the time he executed the deed in question was sustained. Proof was taken on this

question and the jury found that W. W. Pugh was of sound mind on June 24, 1936. The proof taken was not made a part of the record, so we have before us only the pleadings in the case.

On the 18th day of March, 1938, which was the last day of the term of the Caldwell circuit court, a judgment and order of sale was entered in the cause. It appears from this judgment that the cause was submitted to the court for trial and judgment on the pleadings and proof heard. It was adjudged that W. W. Pugh was of sound mind at the time he executed the deed to Willie Pugh, and that the deed was executed without undue influence on the part of the grantee or any other person. The appellant's counterclaim was dismissed. It was further adjudged that Willie Pugh and Dora Pugh were the joint owners in fee and in possession of the property in question, that Dora Pugh was entitled to a dower interest therein, and the master commissioner was directed to sell the land. The property was appraised at $800. The appellee purchased it at the commissioner's sale for the sum of $900.

At the following term of court the appellant filed a motion entitled "Motion and Objections to Signing of Order and Motion to Set Aside Judgment." Subsequently an amended Motion and Objections was filed. Appellant also filed exceptions to the master commissioner's report of the sale. All of said objections were overruled and the sale was confirmed. From that order the appeal herein prosecuted was prayed. It is insisted that the judgment of the lower court should be reversed because the appellant was allowed only a dower interest instead of a homestead in the property. It is insisted also that the deed from W. W. Pugh to Willie Pugh was fraudulent, and was made for the purpose of depriving appellant of her right to occupy the property as a homestead.

As pointed out above, we have before us only the pleadings in the case. Clear and convincing proof is necessary to justify the cancellation of a deed. The jury and the trial court heard the proof as to the sanity of W. W. Pugh at the time he executed the deed. That proof not being before us, it must be presumed that it supported the verdict of the jury and the trial court's judgment thereon. There is nothing in the record before us to warrant our holding that the deed in question

was fraudulently secured. The appellant, therefore, is not in a position to elect as to whether she will take a homestead in the property or exercise her inchoate **right** of dower, since W. W. Pugh had disposed of his property. The former is a right of occupancy, and W. W. Pugh having deeded his property to the appellee, the appellant has no basis for claiming such a right. Her right of dower is a vested right, and since she did not sign the deed she could assert this right at any time during her lifetime. Hanna's Assignee v. Gay, 117 Ky. 695, 78 S. W. 915, 25 Ky. Law Rep. 1794; Lear v. Lear, 234 Ky. 369, 28 S. W. (2d) 32; Brannon v. Bohannon, 265 Ky. 394, 96 S. W. (2d) 1036.

It is insisted that the court erred in sustaining the motion to strike certain parts of the appellant's answer and counterclaim. With this contention we can not agree, since there remained in the answer and counterclaim appellant's basic contentions to the effect that W. W. Pugh was of unsound mind at the time he executed the deed to appellee; and that the appellee had exercised duress and undue influence on W. W. Pugh with the view of fraudulently depriving the appellant of her right to a homestead in the property. Nor do we find any basis for the other contentions advanced by the appellant in urging that the judgment of the lower court be reversed, among which is the contention that the objections and exceptions to the judgment and the report of the commissioner were heard as if upon demurrer.

In support of the latter contention the case of Buttermore v. Hensley, 267 Ky. 669, 103 S. W. (2d) 68, is cited. In that case a motion, which was filed in an action involving the rights and interests of infants, seeking to set aside a judgment and an order of confirmation and sale, and to cancel the deed made pursuant thereto, was considered as being in substantial compliance with the requirements of Section 520 of the Civil Code of Practice. An examination of the Buttermore Case reveals circumstances vastly different from those in the case at bar. In the case at bar the appellant participated in the trial of the case. It was upon her motion that the issue as to the sanity of W. W. Pugh at the time he executed the deed in question was submitted to the jury. She advanced her claim to a homestead in the property in her answer and counterclaim. We find no basis, therefore, for the contention that, under Sections 520 and 518 of the Civil Code of Practice, the appel-

lant's objections and exceptions to the judgment and the commissioner's report should be treated as a petition to vacate or modify a judgment. It was not necessary for the appellee to traverse the exceptions to the report of the sale. Graves' Committee v. Lyons, 166 Ky. 446, 179 S. W. 413; Will v. City of Louisville, 176 Ky. 450, 195 S. W. 822; Roberts v. Stacy, 260 Ky. 652, 86 S. W. (2d) 546; Barnett v. Bank of Commerce, 264 Ky. 179, 94 S. W. (2d) 334.

We are forced to the conclusion, therefore, that the judgment of the lower court should be, and it is, affirmed.