## FREEMAN v. GREAT ATLANTIC & PACIFIC TEA CO.
### No. 8848.

Court of Civil Appeals of Texas. Austin. Dec. 13, 1939.

Rehearing Denied Jan. 10, 1940.

Winbourn Pearce, of Temple, for appellant.

Walker Saulsbury, of Temple, and Lucian Touchstone, of Dallas, for appellee.

BLAIR, Justice.

Appellant, J. P. Freeman, sued appellee, The Great Atlantic & Pacific Tea Company, for personal injury damages alleged to have been sustained by Mrs. J. P. Freeman, wife of appellant, when she slipped on some bananas, which were alleged to have caused the floor to become slick and slippery, and fell to the floor of appellant's grocery store. In answer to special issues submitted, the jury found in substance as follows:

1. That the floor of appellant's store where Mrs. Freeman fell was not in a slick and slippery condition at and just before she fell.

2. That the fall of Mrs. Freeman was due to an unavoidable accident.

3. That appellant was not entitled to recover for doctor's, drug and hospital expenses reasonably and necessarily incurred in the treatment of Mrs. Freeman as the result of her fall.

4. That appellant was not entitled to recover any damages for the lessened capacity of Mrs. Freeman to perform the duties encumbent upon her and which would probably ensue as a direct and proximate result of the injuries, if any, sustained by her when she fell.

From the adverse verdict and judgment, this appeal is prosecuted upon one main ground, that the trial court erred in refusing to set aside the verdict and answers of the jury and grant a new trial, because the same were so contrary to the great weight and preponderance of the evidence as to be clearly wrong and as to show prejudice against appellant and bias in favor of appellee.

We regard the evidence as presenting a sharp conflict as to whether the floor of appellant's store where Mrs. Freeman fell was in a slick and slippery condition at and before she fell; and that since the jury determined the conflict in favor of appellee, this court has no authority to disturb the jury's finding.

Mrs. Freeman, her daughter, Miss Maurine Freeman, and Mrs. Sam Johnson, the last two named being with Mrs. Freeman when she fell, each testified that they saw dark and crusty banana stains on the floor of the store where Mrs. Freeman fell; that they saw streaks where her shoes had made marks through the bananas on the floor; that a clerk of appellant wiped the bananas off of Mrs. Freeman's shoes while she was still on the floor, and also off of her dress; and Miss Gertrude Sealy, who made the dress and saw it next morning after the accident, testified that dark and crusty banana stains were on the dress.

On the other hand, Mrs. W. E. Neudekow, who had preceded Mrs. Freeman a few seconds over the place where Mrs. Freeman fell, and saw her fall, testified, as changed to narrative form by appellant's counsel, that it was just an ordinary pine floor, and "I didn't see any-

thing that would cause anybody to fall. I didn't see any bananas on that floor as I walked over it. I looked around and didn't see anything. I looked at the floor and didn't see anything. I didn't see any bananas or mass of bananas. I have seen people faint, and have fainted myself. The blood leaves their head when they faint and naturally I felt she fainted, because the times I fainted I would always be sick at my stomach when I came to. The fact that called my attention to the fact that the store was well lighted was because I was purchasing, and because I was purchasing I noticed on this night that it was exceptionally well lighted, and the floor was exceptionally clean. One leg was out on the floor and the other leg was in under her, and I couldn't see anything else is the reason I thought she had fainted. * * * I was in the store and saw nothing on the floor. There was nothing on that particular night to cause me to notice the floor any more than any other night or to cause me to notice the light any more than any other night."

 It is manifest that the jury elected to believe the testimony of Mrs. Neudekow rather than the testimony of the several witnesses offered by appellant. This the jury had the right to do because her testimony was clear and positive that only a few seconds before Mrs. Freeman fell the floor at the place she fell was clean; and that there were no bananas on it either before or immediately after she fell. There is nothing in the record to show that this witness was not disinterested, or to show any reason why she should be prejudiced in the matter. The rule of law applicable to the facts above stated is found in 3 Tex.Jur., 1097, § 769, as follows: "The appellate court will set aside the verdict and findings of a jury only in cases where they are so against such a preponderance of the evidence as to be clearly wrong, show passion or prejudice, or in such obvious conflict with the justice of the case as to render them unconscionable."

See, also, Vol. 1 Tex.Jur.1937 Sup., 319; and cases cited by these texts.

It may also be observed in this connection that the learned trial judge who sat in the trial of this case, and who had a better opportunity than this court to notice the witnesses and their demeanor on the stand, and who heard and considered the questions now urged, and after consideration of them overruled the motion for a new trial.

Having found in answer to special issue No. 1 that the floor of the store was not slick and slippery at the time and place Mrs. Freeman fell, the jury, under instruction of the court, did not answer special issues Nos. 2 and 3 relating to negligence of appellee in permitting bananas to cause the floor to become slick and slippery, and proximate cause. In answer to special issue No. 4 the jury found that Mrs. Freeman's fall was due to an unavoidable accident; and in answer to special issues Nos. 5 and 6 the jury found that appellant sustained no damages for doctor bills, etc., or for the lessened earning capacity, etc., of Mrs. Freeman as the direct and proximate result of injuries received by Mrs. Freeman when she fell.

Appellant contends that the jury's answers to issues Nos. 4, 5 and 6 are not supported by any evidence, or that the same are so against the great weight and preponderance of the evidence as to show prejudice against appellant and bias in favor of appellee; and that such prejudice and bias necessarily influenced, or may be considered as showing prejudice or improper influence as to the jury's answers to special issue No. 1, finding that the floor was not slick and slippery at the time and place Mrs. Freeman fell. In this connection, appellant cites the fact that some $330 had been expended for doctor, medicine, and hospital bills in the treatment of Mrs. Freeman, beginning immediately after her fall and continuing until the date of the trial of the case; and also cites the testimony of several witnesses that Mrs. Freeman's health was apparently good before the accident, but had been continuously bad since the accident.

 It is not necessary to discuss at length the finding of the jury that the accident was due to unavoidable accident. Suffice it to say that the jury having found that the fall of Mrs. Freeman was not the result of the slick and slippery condition of the floor, and there being no other evidence tending to show why she fell, other than the testimony tending to show that she fell because she had fainted, and from which the jury could have and did find that the accident occurred as the result of an unavoidable accident. Nor, as we view the case, is it necessary to determine

whether Mrs. Freeman actually sustained any injuries in this accident, or whether her injuries were due to illness and ailments from which she might have been already suffering. We have heretofore found that there is nothing in the record suggesting that the jury was induced by prejudice or bias, which improperly influenced it, to answer special issue No. 1 favorably to appellee on the issue of whether the floor was slick and slippery; and under such facts and circumstances, it is immaterial whether the jury found that appellant sustained no damages, even though the evidence was undisputed that damages were sustained as a result of the injuries received by Mrs. Freeman from her fall.

A similar question was recently determined by the Supreme Court in the case of Southern Pine Lbr. Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334, 335, wherein the jury had found that the injuries received by the plaintiff were due to her contributory negligence, and although the undisputed evidence showed that the plaintiff had received severe injuries, the jury found that plaintiff suffered no damages, and wherein the court held, in answer to the contention that the jury's answer to the contributory negligence issue was induced by prejudice or by some improper influence, the court held as follows: "There is nothing in the record suggesting that the jury was induced by prejudice or by some improper influence to answer as it did the issue as to damages, unless it is the bare fact that the answer is contrary to the undisputed evidence, which shows that defendant in error suffered severe physical injuries. The action of a jury in answering an issue directly contrary to the undisputed evidence may be cause for suspicion that the answer was induced by prejudice or by improper influence. But we would not be justified in assuming that prejudice or improper influence was responsible for the jury's answers convicting defendant in error of contributory negligence when there is in the record substantial evidence supporting those answers and no evidence that prejudice or improper influence entered into or caused them."

See, also, Martin v. City of Corsicana, Tex.Civ.App., 130 S.W.2d 405.

The judgment of the trial court will be affirmed.

Affirmed.