## WILKINSON et al. v. CHAMBERS.

### No. 5814.

Court of Civil Appeals of Texas. Amarillo.
Sept. 29, 1947.

Rehearing Denied Nov. 3, 1947.

Lindsey, Smith & Brock, of Lubbock, for appellants.

Crenshaw, Dupree, Milam & Crenshaw, of Lubbock, for appellee.

LUMPKIN, Justice.

Alleging they were the death beneficiaries of Buna Wilkinson, deceased, the appellants, M. L. Wilkinson, individually and as next friend for Billie Wayne Wilkinson, a minor, and Dorothy Lee Howell, a feme sole, filed this suit against the appellee, J. W. Chambers.

According to the appellants' allegations, the suit grew out of an automobile collision at the intersection of College Avenue and Thirty-fourth Street, immediately within the city limits of Lubbock, Texas. As a result of the injuries received in this collision Mrs. Buna Wilkinson died. The appellants allege various acts of negligence on the part of the appellee.

The appellee filed an answer and cross-action denying that he was negligent, asserting various acts of contributory negligence on the part of the appellant M. L. Wilkinson, and in his cross-action the appellee alleged that the appellant Wilkinson himself was negligent in several particulars. The appellants prayed for damages resulting from the death of Mrs. Buna Wilkinson and for the damages done to the Wilkinson automobile. The appellee prayed for damages for the physical injuries received by his wife, as well as himself, together with the damages done his automobile.

This automobile collision, so the evidence shows, occurred a few feet outside the city limits of Lubbock. Thirty-fourth Street runs east and west, whereas College Avenue runs north and south. The appellant Wilkinson was proceeding south on College Avenue. He was driving and with him was his wife, Mrs. Buna Wilkinson, and three children. The appellee was driving east on Thirty-fourth Street. He was operating the car and his wife was his only passenger. At the time of the collision there were not many houses in the immediate vicinity of the intersection of Thirty-fourth Street and College Avenue. The collision occurred about 1:30 p. m. As to the speed of the two cars, the evidence is highly contradictory.

In response to seventy-five special issues, the jury determined, among others, the following facts: That the appellee was driving his automobile in excess of 30 m.p.h.; that he was not keeping a proper lookout; that he failed to reduce the speed of his automobile in time to avoid the collision; that such acts were negligence but were not the proximate cause of the collision.

The jury also found that the appellee was driving his automobile faster than a reasonably prudent person would have driven in approaching an intersection; and that such speed constituted negligence and such negligence was the proximate cause of the collision.

With reference to the acts of the appellant Wilkinson, the jury concluded that the appellant was operating his automobile in excess of 30 m.p.h.; that he was operating his car faster than an ordinarily prudent person would have operated an automobile under the same or similar conditions; that he failed to keep a proper lookout; that he failed to yield the right of way to the appellee; that the appellant could have slowed down his automobile in time to avoid the collision; that the appellant failed to stop his automobile in time to avoid the collision; and that all such acts constituted negligence and were the proximate cause of the collision.

On the issues involving the question of discovered peril, the jury found against both parties, and in answer to all the issues in regard to the amount of damages to be assessed either party, the jury wrote "none." The court entered judgment decreeing that the appellants should take nothing by their suit and that the appellee should take nothing by reason of his cross-action. To this judgment the appellants duly excepted and perfected their appeal to this court.

In attacking the court's judgment, the appellants first contend that special issues 30, 31, and 31A constitute a comment on the weight of the evidence.

Special issue 30 reads as follows: "Do you find from a preponderance of the evidence that plaintiff, M. L. Wilkinson, failed to yield the right of way to the defendant, J. W. Chambers, at the intersection of Thirty-fourth Street and College Avenue?" The jury's answer was "yes."

Special issue 31 asked if such failure to yield the right of way was negligence; and if so, 31A asked whether it was the proximate cause of the collision. The jury answered "yes" to both of these issues.

Aside from the merits of the appellants' assertion that special issues 30, 31, and 31A were a comment on the weight of the evidence, we believe the manner in which these issues were worded and submitted, even if in error, was harmless. The jury convicted the appellant Wilkinson of excessive speed, failure to keep a proper lookout, failure to stop, and failure to slow down, all of which constituted negligence and were the proximate cause of the collision. Concerning these particular and specific acts of negligence on the part of the appellant Wilkinson, the appellants have no complaint as to the form and manner in which these issues were submitted, nor do they argue that the jury's answers to these special issues are not supported by the evidence. Our review of the record reveals that these answers are amply supported by the record.

Under these circumstances, where the negligence of the appellant Wilkinson was clearly established by the jury's findings on special issues which were admittedly correctly submitted, our courts have held that the submission of another issue relating to the driver's negligence, even if erroneous, will not justify a reversal. Therefore, the appellants' point of error in this connection is overruled. El Paso Electric

Co. v. Hedrick, Tex.Civ.App., 39 S.W.2d 128; West Texas Coaches, Inc., v. Madi, Tex.Com.App., 26 S.W.2d 199; McMath Co. v. Staten, Tex.Civ.App., 60 S.W.2d 290; St. Louis, B. & M. Ry. Co. v. Cole, Tex. Civ.App., 4 S.W.2d 1019, affirmed Tex.Com. App., 14 S.W.2d 1024.

Next, alleging jury misconduct, the appellants contend that the trial court's judgment should be reversed and the case remanded for a new trial. The jury, assert the appellants, determined that none of the parties to this suit should recover; and to give effect to such a determination, the jury answered the special issues in a manner contrary to the undisputed evidence and thus deprived the appellants of the benefits to be derived from submitting a case on special issues.

The record shows that when the jury answered those special issues relating to the amount of damages in dollars and cents suffered by the parties, they wrote the word "none," a conclusion contrary to the evidence, since undisputedly Mrs. Buna Wilkinson died as the result of the collision and both the appellee and his wife suffered serious bodily injuries.

A careful perusal of the record reveals that no evidence was offered by the appellants in support of their motion for a new trial, nor did the appellants file a motion to set aside any of the jury's answers. No objection has been raised by the appellants, in their brief or otherwise, to the effect that the jury's findings as to the equal negligence of both the appellant Wilkinson and the appellee Chambers were not supported by substantial evidence.

■ There is nothing in the record to suggest that the jury's answers of "none" to those special issues involving damages were motivated by prejudice, passion, or some improper influence, unless it is the fact that these answers are contrary to the undisputed evidence as to the death of Mrs. Wilkinson and the physical injuries suffered by the appellee and his wife. However, assuming we did suspect that these answers of "none" were induced by prejudice. or some improper influence, we cannot assume that passion, prejudice, or improper influ-

ence was responsible for the jury's answers convicting both the appellant Wilkinson and the appellee Chambers of negligence, when there is in the record substantial evidence to support these findings and nothing whatever to show that passion, prejudice, or improper influence entered into or caused them.

■ When the jury concluded that the appellant Wilkinson and the appellee Chambers were guilty of acts of negligence and these acts of negligence were the proximate cause of the collision, the special issues concerning the damages suffered by the various parties became immaterial. Regardless of Mrs. Wilkinson's death or of the physical injuries suffered by the appellee and his wife, the jury's answers required the court to render a judgment whereby none of the parties would recover. Therefore, we overrule the appellants' point of error. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334 and cases there cited; Freeman v. Great Atlantic & Pacific Tea Co., Tex.Civ.App., 135 S.W.2d 267; Martin v. City of Corsicana, Tex.Civ.App., 130 S. W.2d 405.

We have carefully reviewed the record in this case, and finding no error, we affirm the judgment.