## Peoples Finance Co. v. Roberts.

March 24, 1950.

S. M. Ward, Judge.

E. C. Wooton for appellant.

Don A. Ward for appellee.

STANLEY, COMMISSIONER—Reversing judgment vacating default judgment, affirming default judgment.

A default judgment for $468.25 was rendered at the May term, 1948, of the Perry circuit court against Lester B. Roberts in a suit on a note in favor of the Peoples Finance Company. Process had been timely and duly served on the defendant. At the next September term the defendant moved to vacate the judgment on the ground that he was of unsound mind when it was rendered, having been so adjudged by the Perry county court in November, 1946. The motion was sustained and the default judgment vacated on that ground and because the committee of the defendant was not made a party to the suit. At the next November term of court the plaintiff moved to set aside the order vacating the judgment because the order was void. This was overruled. A motion for an appeal is made in this court from the default judgment and the order vacating it. The motion is sustained.

A judgment against a person later shown to have been of unsound mind is not void on that account. It is merely voidable. West v. McDonald, Ky., 113 S. W. 872. However, where such incompetency or incapacity and improper proceeding are shown in the record, the judgment is void. Its entry is deemed a clerical misprision and may be reached after the term at which it was entered by motion upon notice to the adverse party. Sections 36, 517, subd. 2 and 519, Civil Code of Practice. But unless the incompetency of a defendant is so revealed the remedy is by an action under section 520 of the Civil Code of Practice to vacate the judgment under the terms of section 518. Newman v. Ohio Valley Fire & Marine Insurance Co., 221 Ky. 616, 299 S. W. 559. This construction of the practice provisions of the Code is recognized in Buttermore v. Hensley, 267 Ky. 669, 103 S. W. 2d 68, but, under the particular circumstances, a verified motion was treated as a petition filed in accordance with sections 518 and 520 of the Civil Code of Practice. No such condition appears in this case for the ad-

562

verse party, though not served with notice as is required by section 517, subd. 2, raised the question and has continued to maintain its point.

We cannot accept the argument of the appellee that the vacating order should be affirmed since no substantial rights have been prejudiced by reason of his having proceeded by motion instead of filing an independent action and no one would benefit by reversal of this judgment. That would be to approve a disorderly procedure. It is important that rules of practice should be certain and stable.

The appellee submits that where there is a record of a person being of unsound mind it should be regarded as notice to everyone, and any judgment taken against such person should be vacated. No authority is cited to sustain the novel position. To sustain it would open up the proverbial Pandora box. The appellee occupies the incongruous position of claiming competency to press his right to have the judgment vacated because of his incompetency to defend it, maintaining that the court should take judicial notice of that unfortunate condition at that time, but not now, although it does not appear there has been a restoration to legal capacity.

The judgment vacating the default judgment is accordingly reversed. The default judgment stands affirmed.