Marion LEATHERWOOD et al., Appellants,

v.

Charles Joy ROBERTS, Appellee.

No. 3587.

Court of Civil Appeals of Texas.

Waco.

Jan. 8, 1959.

Rehearing Denied Feb. 12, 1959.

Terrell Buchanan, Silsbee, for appellants.

King, Sharfstein & Rienstra, Beaumont, for appellee.

HALE, Justice.

Appellants are the heirs at law of James Leatherwood, hereafter referred to as the deceased. On November 18, 1956, at about 6:00 o'clock P.M., the deceased was involved in an automobile collision which resulted in his death approximately three hours later. The deceased was eighty-seven years of age at the time of his death, leaving a considerable number of children, the youngest being forty-nine years of age. At the time and place of the accident appellee was driving his automobile in a northerly direction along a hard-surfaced highway passing through the village of Lobe, Texas. The deceased was attempting to cross over the paved portion of the highway when he was struck near the center line thereof. This action was brought by appellants for damages on account of the injuries and death of the deceased.

The case was tried before a jury. In answer to certain of the special issues submitted, the jury found that appellee was not operating his automobile at a rate of speed in excess of that which a person of ordinary care and prudence would have operated the same, under the same or similar circumstances; that appellee did not fail to keep a proper lookout or to maintain proper control of his automobile; and that he did not drive his car on the left hand side of the highway. The jury also found in favor of appellee on the controlling issues involved in sudden emergency, discovered peril and unavoidable accident. Thereupon, the court rendered judgment that appellants take nothing.

The first eight points in the brief of appellants relate to the alleged insufficiency of the evidence to sustain the verdict of the jury. Pertinent to such complaint, appellants say the trial court erred in refusing to grant them a new trial, because the findings of the jury on the issues relating to speed, and upon appellee's failure to sound his horn, did not constitute negligence, and that the jury's finding of no negligence on the part of appellee in connection with the accident is without sufficient evidence. They make substantially the same complaint concerning the findings of the jury on the general issues of discovered peril, sudden emergency and unavoidable accident.

It is the duty of the court to set aside the verdict of a jury and grant a new trial, where the findings of fact are so clearly against the overwhelming weight and preponderance of the evidence in the case as to be manifestly wrong. The court should not grant a new trial on account of the insufficiency of the evidence, however, unless the verdict as a whole is such as to show without any reasonable doubt that such verdict and the judgment based thereon are clearly unjust and wrong. Moreover, the evidence in its entirety must be

viewed in the light most favorable to sustain the verdict and judgment, where the sufficiency of the evidence as a whole is an issue in the case. Grimes v. Mulry, Tex. Civ.App., 280 S.W.2d 343; In re King's Estate (King v. King), 150 Tex. 662, 244 S.W.2d 660. In the early case of Briscoe v. Bronaugh, 1 Tex. 326, the court there pointed out that the law has no scales wherein to weigh the different degrees of probability arising on disputed issues of fact. It is there said:

> "The law therefore refers the weight of evidence and of the different degrees of probability to the jury, who are to be guided in their decision by their conscientious judgment and belief under all the circumstances of the case. Stark.Ev. 474, 475. And where the question is one of fact to be ascertained by the jury, from weighing the evidence and the degree of probability, the court will not interpose for the purpose of granting a new trial unless it be in order to remedy some manifest error. 'Where a controversy consists chiefly of questions of fact, the objections to a verdict must be very cogent to induce the court to grant a new trial.' U. S. v. Duval, [Fed.Cas.No. 15,015] Gil.D.C. 389. In such a case it is not enough that it is not clear that the verdict is right; but it must clearly ly appear that it is wrong, to induce the court to set aside the verdict."

The undisputed evidence shows that there was a traffic signal sign limiting the speed of automobiles to 50 miles per hour in the vicinity where the accident happened. There was no evidence in the case that appellee was exceeding the speed limit thus established by the State Highway Department. The evidence also shows without any dispute that the deceased was struck on the east side of the center line of the highway, that being the testimony of appellee and of the State Highway Patrolman who arrived at the scene of the accident about thirty minutes after the happening thereof.

The Highway Patrolman testified as an expert witness to the detailed investigation which he made at the scene of the collision. He found skid marks extending south from the point where the deceased was struck, for a distance of 90 feet. It was his opinion that the point of the impact between the deceased and the car was about 2 feet east of the center line of the paved highway. The skid marks indicated that the car had not moved in a straight line as it approached deceased, but had skidded first to its left and then to its right. After reconstructing, from his investigation, the manner in which he thought the accident most likely occurred, he expressed the opinion in effect that appellee was not to blame for the unfortunate event.

Appellee testified that he was about 100 feet from the deceased at the time he first discovered him; that he was driving at a rate of speed between 40 and 50 miles per hour; that there was a highway sign in the area where the accident occurred which limited the traffic of automobiles in that area to 50 miles per hour; that as soon as he saw the deceased, he immediately applied his brakes and turned on his bright lights in lieu of his dimmers; that the deceased was walking across the highway from the east to the west side thereof; and that he appeared to become confused as he approached near the center line and turned around as if to return to the east side of the highway. Appellee further testified that he did not sound his horn because he did not have time to do so; that he continued to drive his car entirely upon the east side of the center line, which was his right hand side, and that he used his best judgment and exercised his most careful driving ability in his continuing efforts to avoid injury to the deceased.

■ From the record as a whole, we cannot say the verdict of the jury or any material part thereof was against the preponderance of the evidence to such extent as to have required the trial court to set aside the verdict and judgment on account

**384**

of the insufficiency of the evidence. In addition to the authorities above cited herein, see also Stroud v. Springfield, 28 Tex. 649; Texas Employers Ins. Ass'n v. Birdwell, Tex.Civ.App., 39 S.W.2d 159 (er. ref.); Freeman v. Great Atlantic & Pacific Tea Co., Tex.Civ.App., 135 S.W.2d 267 (er. ref.); United States Fidelity & Guaranty Co. v. Carr, Tex.Civ.App., 242 S.W.2d 224 (er ref.); Choate v. San Antonio & A. P. Ry. Co., 90 Tex. 82, 36 S.W. 247, 37 S.W. 319; Federal Underwriters Exchange v. Hinkle, Tex.Civ.App., 187 S.W.2d 122 (er. ref.); McLean v. McCollum, Tex.Civ. App., 209 S.W.2d 959 (er. ref.).

By the 9th Point of Error, appellants say the court below erred in refusing to grant them a new trial because the jury answered "None" to the following special issue:

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence, will fairly and reasonably compensate plaintiffs for the damages, if any, accrued as a result of the death of their father, taking into consideration, exclusively, the following elements of damage and none other: '(A) The funeral bills, ambulance service bills, doctor bills and hospital bills, paid by them as a result of the death of their father, James Edward Leatherwood. (B) The conscious physical pain and suffering and mental anguish, if any, suffered by James Edward Leatherwood from the time he was struck by defendant's automobile to the time he died.' Answer by stating the amount, if any, in dollars and cents."

We think it is wholly immaterial under the verdict in its entirety, whether appellants did or did not sustain any compensatory damages which accrued as a result of the death of their deceased father. During the trial of the case the parties agreed that the expenses arising out of the death of the deceased amounted to $1,-

101.45. The damage issue which the trial court submitted to the jury was confusing, and might have been subject to proper objection, if the same had been timely made. But no error in the charge has been presented for review here. Having found no negligence on the part of appellee, any finding by the jury as to the amount of damages would be of no benefit to appellants.

We have considered each point of error in the brief of appellants and have concluded that they are not well taken. Accordingly, they are all overruled, and the judgment of the trial court is affirmed